UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS R. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 652 DDN |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM

This action is before this court for judicial review of the final decision of the Commissioner of Social Security finding that plaintiff Douglas R. Allen is not disabled and, thus, not entitled to disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate judge pursuant to 28 U.S.C. §§ 636(c). For the reasons set forth below, the decision of the Commissioner is reversed and remanded.

### I. BACKGROUND

Plaintiff was born in June 1951 and worked professionally as an airplane pilot. (Tr. 123, 127, 150-61). Plaintiff's insured status under Title II of the Act expired on March 31, 2017. (Tr. 9, 113). He filed his application for DIB in December 2012,

---

[1] The Hon. Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted in her official capacity for Carolyn W. Colvin as the defendant in this suit. 42 U.S.C. § 405(g) (last sentence).

alleging a total disability onset date of April 27, 2012.[2] (Tr. 45, 51, 123-24). Plaintiff claims that his irritable bowel syndrome ("IBS") limits his ability to work. (Tr. 47, 126, 135, 140, 216). His application was denied on February 28, 2013, and he requested a hearing before an administrative law judge ("ALJ"). (Tr. 9, 54-58, 61). A hearing was held in September 2014, where plaintiff testified. (Tr. 21-44). By decision dated December 19, 2014, the ALJ found that plaintiff was not disabled under the Social Security Act. (Tr. 6-16). The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform jobs available in the national economy. *Id.* On January 14, 2016, the Appeals Council of the Social Security Administration denied plaintiff's request for review of the ALJ's decision. (Tr. 1-5). Consequently, the ALJ's decision stands as the final decision of the Commissioner.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Specifically, he asserts that the ALJ erred in finding that plaintiff's bathroom breaks can be scheduled, failed to articulate the weight given to the opinion of plaintiff's treating specialist and the testimony of plaintiff's wife, produced an improperly vague RFC finding, and relied on unreliable VE testimony. Plaintiff asks that judgment be entered in his favor.

**A.    Medical Record and Evidentiary Hearing**

The court adopts plaintiff's unopposed statement of facts (ECF No. 15), as well as defendant's unopposed statement of facts. (ECF No. 20). These facts, taken together, present a fair and accurate summary of the medical record and testimony at the evidentiary hearing. The court will discuss specific facts as they are relevant to the parties' arguments.

---

[2] To be entitled to disability benefits under Title II of the Act, plaintiff has the burden to show disability prior to the expiration of his insured status on March 31, 2017. (Tr. 9, 113). *See* 20 C.F.R. § 404.130; *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir. 2009). Thus, the relevant period for consideration in this case is from April 27, 2012, plaintiff's alleged onset date, through March 31, 2017, the date the plaintiff's insured status ended.

2

**B. ALJ's Decision**

The ALJ found that plaintiff suffered from the severe impairment of gastroesophageal reflux disease ("GERD") and that he had not engaged in substantial gainful activity since his alleged onset date. (Tr. 11). The ALJ concluded that plaintiff's GERD did not meet or equal an impairment listed in the Commissioner's regulations. (Tr. 14-15).

The ALJ determined that plaintiff's impairment left him with the RFC to "perform a full range of work at all exertional levels," though "he must have access to restroom facilities during all regularly scheduled breaks." (Tr. 12). The ALJ considered plaintiff to be

> generally credible in his allegations as the medical record shows **complaints to his medical providers that are consistent with his allegations.** Additionally, the [plaintiff] has a strong work history and at the hearing expressed a sincere regret that he was unable to fly due to his issues. This suggests a positive desire to work and bolsters the [plaintiff's] credibility.

(Tr. 13) (bolding added). Nevertheless, the ALJ also found that the objective medical evidence did not support the severity of his allegations. Although plaintiff complained he "has frequent bowel urgency, makes efforts to know the location of and be near a restroom, and has been unable to make it to a restroom before defecating," the ALJ reasoned that "there is no objective medical evidence to support these allegations and [his] medical providers have not indicated his condition prevents him from working." (Tr. 13).

The ALJ noted that plaintiff passed his most recent pilot physical in June 2014, has had normal colonoscopies, and has had negative results for other related tests. (Tr. 13-14). The ALJ also noted that his activities of daily living are those associated with an able individual: "caring for pets, tending to personal needs, preparing meals, driving, shopping in stores, using a computer, attending church weekly, and biking 10 to 15 miles several times a week." (Tr. 14). The ALJ did not discuss the weight given to any of the medical sources.

Because plaintiff's previous work as a pilot would not give him ready access to a restroom during breaks, the ALJ concluded plaintiff is unable to perform his past relevant work. (Tr. 14).[3] However, considering plaintiff's age, education, work experience, and RFC, the ALJ relied on the testimony of a vocational expert ("VE") to find there were jobs in significant numbers in the national economy that a person like plaintiff could perform. (Tr. 14-15). The ALJ therefore concluded that plaintiff is not disabled. *Id.*

## II. DISCUSSION

Plaintiff argues that the ALJ produced an improperly vague RFC finding, erred in his finding that plaintiff's bathroom breaks could be scheduled, failed to articulate the weight given to the opinion of plaintiff's treating specialist and the testimony of plaintiff's wife, and relied on unreliable VE testimony.

### A. General Legal Principles

In reviewing the denial of Social Security disability benefits, the court's role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* In determining whether the evidence is substantial, the court considers evidence that both supports and detracts from the Commissioner's decision. *Id.* As long as substantial evidence supports the decision, the court may not reverse it merely because there is substantial evidence in the record that would support a contrary outcome or because the court would have decided the case differently. *See Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011).

To be entitled to disability benefits, a claimant must prove that he is unable to perform any substantial gainful activity due to a medically determinable physical or

---

[3] Apparently the ALJ credited plaintiff's testimony that he was terminated from his pilot position, because he soiled his aircraft seat while flying. (Tr. 13).

4

mental impairment that would either result in a death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(A); *Pate-Fires*, 564 F.3d at 942. A five-step regulatory framework is used to determine whether an individual is disabled. 20 CFR § 404.1520(a)(4); *see also Pate-Fires*, 564 F.3d at 942 (describing the five-step process).

Steps One through Three require the claimant to prove (1) he is not currently engaged in substantial gainful activity, (2) he suffers from a severe impairment, and (3) his disability meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to Steps Four and Five. Step Four requires the Commissioner to consider whether the claimant retains the RFC to perform past relevant work ("PRW"). *Id*. at § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating he is no longer able to return to his PRW. *Pate-Fires*, 564 F.3d at 942. If the Commissioner determines the claimant cannot return to his PRW, the burden shifts to the Commissioner at Step Five to show the claimant retains the RFC to perform other work that exists in significant numbers in the national economy. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v).

B. <u>**The ALJ's Decision is Not Supported by Substantial Evidence**</u>

An ALJ's decision is not supported by substantial evidence if it fails to "clearly and directly" assess all of a claimant's functional limitations. *Grissom v. Barnhart*, 416 F.3d 834 (8th Cir. 2005). In assessing the claimant's limitations to determine his RFC, an ALJ must consider all of the relevant evidence, including "an individual's own description of his limitations." *McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003). The ALJ must explain her assessment of the RFC with specific references to the record. SSR 96-8p (the RFC assessment must cite "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)" in describing how the evidence supports each conclusion). Throughout this inquiry, the

burden of persuasion to prove disability and to demonstrate RFC is on the claimant. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

In this case, the ALJ found plaintiff had the capacity to work around regularly scheduled breaks, so long as he had access to restroom facilities during those breaks. (Tr. 12-14). Plaintiff argues that this conclusion finds no support within the medical record. Plaintiff points to specific instances in the record where he was diagnosed with diarrhea, a sense of rectal urgency or "tenesmus," and rectal incontinence. (Tr. 216, 288, 292, 305, 309, 317, 319, 323-24). While the ALJ found plaintiff to be generally credible, she pointed to a lack of objective medical evidence to support the severity of his subjective complaints. She noted clinical observations and medical testing that were inconsistent with plaintiff's allegations of frequent and uncontrollable bowel urgency: normal colonoscopies in August 2012 and October 2013 and negative results for bacterial testing. (Tr. 13, 215, 303, 320, 331).

The ALJ also considered that plaintiff took prescription medication to treat his gastrointestinal issues, and reported on two different occasions that it largely controlled his GERD. (Tr. 13, 233, 323) (plaintiff reported he was "doing great" on the medication). At his 2014 hearing, plaintiff testified that medication for his diarrhea helps around 30 percent of the time. (Tr. 1, 32). If a plaintiff's medical impairment is controlled with treatment, it is not disabling. *Lawson v. Colvin*, 807 F.3d 962, 965 (8th Cir. 2015). Moreover, the ALJ emphasized that none of plaintiff's physicians imposed functional limitations suggesting that plaintiff could not work. (Tr. 13). *Ponder v. Colvin*, 770 F.3d 1190, 1195 (8th Cir. 2014) (holding that a lack of restrictions imposed by treating physicians supported the ALJ's denial of benefits).

Additionally, the ALJ considered plaintiff's daily activities to be inconsistent with his alleged symptoms: plaintiff rides his bike 10 to 15 miles a day several days a week up to 100 miles a week, prepares his own meals daily, cleans, does laundry, performs household repairs, irons, mows the lawn, often leaves his home on foot, car, or bicycle, works on an amateur radio for several hours a day, attends church weekly, and regularly socializes at his home or other people's homes. (Tr. 13-154, 42, 136-39, 234).

This evidence notwithstanding, the ALJ erred. It is well settled that an ALJ has a duty to develop the record fully and fairly. *Snead v. Barnhart*, 360 F.3d 834, 836–37 (8th Cir. 2004). Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on his ability to work. *Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012) (citing *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) ("[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for [her] to make an informed decision.") (citations omitted).

At Step Two, the ALJ discussed plaintiff's GERD and knee pain, but she did not discuss plaintiff's chronic diarrhea. (Tr. 11). Elsewhere in the opinion, the ALJ conflates plaintiff's GERD and diarrhea as "digestive related issues." (Tr. 13). However, plaintiff's treatment records discuss these as separate conditions. (Tr. 323-24). Plaintiff's claim for disability refers to his chronic, spontaneous diarrhea, not any gastroesophageal concerns. (Tr. 47, 126, 135, 140, 216). Plaintiff alleges that the diarrhea began after the removal of his gall bladder, and he supported this allegation with evidence from his wife, various medical literature, and some medical records. (Tr. 194, 208-14, 323-25). The ALJ credited plaintiff's subjective complaints about his diarrhea. (Tr. 13). She did not discredit plaintiff's claim that his diarrhea was spontaneous and uncontrolled. (Tr. 13). The ALJ erred in failing to consider the diarrhea as a condition separate from GERD.

Additionally, at Step Five, the Commissioner must prove that plaintiff is capable of competitive employment in the national economy. *Nevland v. Apfel*, 204 F.3d 853, 857-58 (8th Cir. 2000) (citing *Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir. 1975)). The ALJ is entitled to weigh various medical opinions, but she is not free to make her own independent medical findings or draw her own inferences from medical reports. *Id; Pate–Fires*, 564 F.3d at 946–47. If the record is underdeveloped, the ALJ needs to obtain clarifying information from a medical source with relevant expertise. *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005). The ALJ has an obligation to clarify or augment the records if the medical evidence is insufficient, which may include contacting the treating

7

physician, requesting additional records, ordering a consultative examination, or asking the claimant or others for additional information. 20 C.F.R. § 404.1520b (2012); see also 77 Fed. Reg. 10655 (Feb. 23, 2012).

In this case, at Step Four, the ALJ found that plaintiff was unable to perform his PRW, based on VE testimony that pilots do not always have ready access to restrooms during scheduled breaks. (Tr. 188). At Step Five, the ALJ did not rely on any medical opinions. Instead, the ALJ inferred from treatment notes that plaintiff's IBS could be accommodated by access to restrooms during scheduled breaks. (Tr. 12-14). For all the ALJ's emphasis on the results of colonoscopies and bacterial tests, there is no substantial evidence in the record that explains the relevance of those results to plaintiff's alleged symptoms, which the ALJ credits. Moreover, plaintiff's allegations of daily living are not inconsistent with his alleged symptoms. As in *Nevland*, while there are some treatment notes as to plaintiff's impairments in the record, none comment on plaintiff's ability to function in the workplace or on the schedulable nature of his symptoms. *Nevland*, 204 F.3d at 858.

In the case at bar, the ALJ found that plaintiff's impairments prevent him from doing past work, but it is unclear how his alleged and credited IBS impairment affects his RFC to do other work. The ALJ's failure to develop this point was not harmless error, because the VE testified that requiring three to five spontaneous bathroom breaks throughout the workday would preclude an individual from maintaining competitive employment. (Tr. 192, 200).

### III.  CONCLUSION

For the reasons set forth above, the decision of the Commissioner of Social Security is reversed and remanded. The action is remanded to the Commissioner for further development of the record. The ALJ is instructed to consider plaintiff's chronic diarrhea as a condition separate from GERD. The ALJ is further instructed to investigate the uncontrolled and spontaneous nature of plaintiff's diarrhea, especially with regard to

his specific bathroom availability requirements, and, if necessary, obtain relevant VE testimony. An appropriate Judgment Order is issued herewith.

                                                   /S/   David D. Noce
                                 **UNITED STATES MAGISTRATE JUDGE**

Signed on May 15, 2017.